UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No._____

SANTIAGO E. CALLE, and other similarly )
situated individuals, )
 )
        Plaintiff(s), )
 )
v. )
 )
EMIL FRANC, INC. d/b/a Cafe Ragazzi, )
HECTOR REGLERO and MARLENE )
RODRIGUEZ, )
 )
        Defendants. )
_____)

## **COMPLAINT**
### **(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

The Plaintiff, SANTIAGO E. CALLE, and other similarly situated individuals, sue the Defendants, EMIL FRANC, INC. d/b/a Cafe Ragazzi, HECTOR REGLERO and MARLENE RODRIGUEZ, and allege:

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, SANTIAGO E. CALLE ("Plaintiff"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants, EMIL FRANC, INC. d/b/a Cafe Ragazzi (the "Corporate Defendant"), HECTOR REGLERO and MARLENE RODRIGUEZ (the "Individual Defendants") (collectively the "Defendants"), are a Florida Profit corporation and Florida residents, respectively, having their

main place of business in Miami-Dade County, Florida, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, live in Miami-Dade County, Florida.

4. The Corporate Defendant is an enterprise owned or controlled by the Individual Defendants and, upon information and belief, by a famous Venezuelan singer. If discovery shows that this person was involved in the day-to-day operations of the Corporate Defendant, Plaintiff will move to amend this complaint to include the famous Venezuelan singer as a defendant under the Act.

5. The Corporate Defendant is under the administration and control of the Individual Defendants.

## COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *PLAINTIFF* AGAINST THE CORPORATE DEFENDANT

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 6 above as if set out in full herein.

7. This action is brought by Plaintiff, and those similarly situated, to recover from The Corporate Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.

8. 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

10. In Florida, the minimum wage in 2020 was $8.56 per hour and in 2021 is $8.65 per hour.

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, The Corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and The Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers.

12. Upon information and belief, the annual gross revenue of The Corporate Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

13. While the Plaintiff worked for the Defendants, the Corporate Defendant had an annual gross sales made or business done in excess of $500,000 in accordance with §203(s)(1)(A)(ii).

14. By reason of the foregoing, The Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff, and those similarly situated, was engaged in interstate commerce for The Corporate Defendant. The Corporate Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Corporate Defendant is an Italian Restaurant and, through its business activity, affects interstate commerce. Plaintiff's work for The Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by The Corporate Defendant as a server for The Corporate Defendant's business. As a server, Plaintiff was a "tipped" employee.

15. While employed by The Corporate Defendant, Plaintiff routinely worked no more than 40 hours per week. Plaintiff also observed similarly situated servers work approximately 40 hours per week.

16. The Act requires employers to pay its employees wages that are no less than the minimum wage for all hours worked.

17. Under Section 203(m) of the Act, an employer may use a portion of its tipped employees' earned tips (not to exceed $3.02 per hour) to meet its minimum wage obligations ("tip credit") if: (1) it provides its tipped employees with notice of the tip credit provisions; and (2) tipped employees are permitted to retain all tips they receive with the exception of a valid tip pool among employees who customarily and regularly receive tips. 29 U.S.C. §203(m).

18. If an employer fails to meet either requirement, the employer may not use the tip credit and must directly pay its employees the full minimum wage for all hours worked.

19. If employees pool or share tips with employees and others who do not customarily and regularly receive tips, they are entitled to seek other "legal and equitable relief as may be

appropriate to remedy the violation," including compensatory damages from the employer for the tips that were improperly taken and/or shared with employees who do not customarily and regularly receive tips as defined by law.

20. The Plaintiff was an hourly paid, "tipped" employee of the Corporate Defendant.

21. During the Plaintiff's employment, the Corporate Defendant claimed a "tip credit" for the Plaintiff and paid him $3.02 less than the Florida minimum wage for his hours worked.

22. In order for Defendants to claim a "tip credit," all tips received by the Plaintiff must be retained by the Plaintiff or shared only with employees who are eligible under the law to share in tips.

23. The Corporate Defendant did not allow the Plaintiff to retain all of his tips or required him to share a portion of his tip with others, including his manager, Emilio Valdez.

24. Managers, during the time Plaintiff worked for Defendants, did not qualify as "tipped employees" and did not regularly and customarily receive tips under applicable law.

25. Managers, including Emilio Valdez, primarily managed the restaurant owned or controlled by the Defendants.

26. Managers, including Emilio Valdez, were ineligible to receive tips from servers.

27. Corporate Defendant and/or its managers also, upon information and belief, retained for themselves, part of the tips they collected from the Plaintiff and other similarly situated servers.

28. Corporate Defendant's failure to permit the Plaintiff whom they employed to retain all tips received, and/or the use of the improper tip pool, and/or the improper tip sharing invalidates the "tip credit" for Plaintiff and other similarly situated servers.

29. In addition, The Corporate Defendant failed to provide the Plaintiff with the legally required notice of the "tip credit" provisions.

30. Since Corporate Defendant was unable to claim a "tip credit," it was required to compensate Plaintiff with at least the full Florida minimum wage for all hours worked. *Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009) ("Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked").

31. The Plaintiff has retained Saenz & Anderson, PLLC to represent him in this action and is obligated to pay reasonable attorney's fees and costs if he prevails.

32. Plaintiff worked for the Defendants from approximately December 15, 2020 through July 7, 2021.

33. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

   a. **Minimum Wages**

      i. From December 15, 2020 through December 31, 2020 (2 weeks)
         $3.02 x 40 x 2 = $241.60
      ii. From January 1, 2021 through July 7, 2021 (27 weeks)
         $3.02 x 40 hours x 27 = $3,261.60

   b. **Liquidated Damages**: $3,503.20

   c. **Grand Total**: **$7,006.40**, plus mandatory attorney's fees, costs and any tips which discovery shows the Corporate Defendant illegally took from the Plaintiff.

34. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of The Corporate Defendant who are and who were subject

to the unlawful payroll practices and procedures of The Corporate Defendant and were not properly paid minimum wages.

35. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff, and those similarly situated, these minimum wages since the commencement of Plaintiff's, and those similarly situated employees' employment with The Corporate Defendant as set forth above, and Plaintiff, and those similarly situated, are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to minimum wage payments.

36. The Corporate Defendant willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with The Corporate Defendant as set forth above.

37. The Corporate Defendant willfully and intentionally failed to keep records of all hours worked by Plaintiff and of all payments made to Plaintiff pursuant to the Act and the Code of Federal Regulations. In addition, the Corporate Defendant failed to keep copies of documents showing how much in tips managers took from the Plaintiff and other similarly situated servers.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, and those similarly-situated, request that this Honorable Court:

A. Enter judgment for PLAINTIFF, and other similarly-situated, and against The

Corporate Defendant on the basis of The Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award PLAINTIFF actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award PLAINTIFF an equal amount in double damages/liquidated damages; and

D. Award PLAINTIFF reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. PLAINTIFF demands a bench trial.

## COUNT II: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *PLAINTIFF* AGAINST *THE INDIVIDUAL DEFENDANTS*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 38 above as if set out in full herein.

40. At the times mentioned, The Individual Defendants were, and are now, the President/Officers/Directors and/or owners of The Corporate Defendant. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that The Individual Defendants acted directly in the interests of The Corporate Defendant in relation to its employees, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the business and is jointly and severally liable for Plaintiff's damages.

41. The Individual Defendants were and are, at all times relevant, persons in control of The Corporate Defendant's financial affairs and can cause The Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

42. The Individual Defendants willfully and intentionally caused Plaintiff not to receive minimum wage as required by the law of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with The Corporate Defendant as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, and those similarly situated, request that this Honorable Court:

A. Enter judgment for PLAINTIFF, and other similarly situated, and against The Individual Defendant on the basis of The Individual Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award PLAINTIFF actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C. Award PLAINTIFF an equal amount in double damages/liquidated damages; and

D. Award PLAINTIFF reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Dated: August 17, 2021.

By: ____/s/ Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

                                        SAENZ & ANDERSON, PLLC
                                        20900 N.E. 30th Avenue, Ste. 800
                                        Aventura, Florida 33180
                                        Telephone: (305) 503.5131
                                        Facsimile: (888) 270.5549
                                        *Trial Counsel for Plaintiff and Other Similarly Situated Employees*